IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHARD DEAN SCHAFF,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-53-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On April 23, 2014, Petitioner Richard Dean Schaff filed this action under 28 U.S.C. § 2254. Schaff is a state prisoner proceeding pro se.

**I. Merits of the Petition**

Schaff asserts that his federal right to due process was violated by the denial of his application for parole on January 31, 2014. Pet. (Doc. 1) at 4 ¶ 15A(5); Pet. Attachment (Doc. 1-1) at 1. He contends that Montana state law unconstitutionally authorizes the Montana Board of Pardons and Parole to take into account alleged conduct underlying charges that were dismissed or charges of which a defendant was acquitted. He also contends the Board unconstitutionally relied on "the nature or severity of the offense," because parole can only be granted for felony offenses and all felony offenses are, by nature, severe. And he objects to the Board's reliance on "strong objections from criminal justice authorities and/or citizenry"

1

and "multiple offenses," because the "multiple offenses" included "unsubstantiated allegations" and because his release was opposed not by the victim of the crime, who did not appear, but by a prosecutor who was not involved in the case and yet "vilified" him. State Habeas Pet. (Doc. 1-5) at 2-4, *cited in* Pet. Attachment (Doc. 1-1) at 1.

The Montana Supreme Court considered Schaff's claims on the merits and denied relief. Order at 3, *Schaff v. Kirkegard*, No. OP 14-0122 (Mont. Mar. 11, 2014). Consequently, Schaff may obtain federal habeas relief only if the state court's denial of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court's denial was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Schaff seeks to constrain the matters the Board may consider in reaching its decision. But a sentencing court, applying a different standard of proof, may consider dismissed or acquitted conduct in imposing sentence, *see, e.g.*, *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam); *Witte v. United States*, 515 U.S. 389, 401-03 (1995). The United States Supreme Court has never held, or even suggested, that a state parole authority, exercising its extremely broad discretion to determine whether parole should be granted, may not consider the same allegations

2

a sentencing court could. And there is nothing objectionable about distinguishing between a felon who passes bad checks, for example, and a felon who commits or attempts to commit multiple violent crimes.

Even assuming a Montana prisoner has a state-created liberty interest in parole,[1] Schaff's criticism of the Board's reasons for denying parole do not show that he was deprived of what the United States Supreme Court has identified as the "minimal" due process protections guaranteed him at the parole stage. *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 862 (2011). His claim that he "hardly had a chance to speak" at his parole hearing tacitly concedes an opportunity to be heard. State Habeas Pet. (Doc. 1-5) at 4; *see also id.* at 1, 2, 4. Schaff also received a written statement of the Board's reasons for denying parole. *See* Case Disposition (Doc. 1-3) at 1. Thus, the requirements of federal due process were satisfied. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). That is "the beginning and the end of the federal habeas courts' inquiry." *Swarthout v. Cooke, supra,* 131 S.Ct. at 862. There was nothing unreasonable about the Montana Supreme Court's decision. Relief is precluded under § 2254(d).

---

[1] A Montana prisoner might not have such an interest. *Compare Allen v. Board of Pardons v. Allen*, 482 U.S. 369, 373 n.3, 377-78 (1987), *with* Mont. Code Ann. § 46-23-201(1), (5); 1989 Mont. Laws ch. 188, § 2 (substituting "may" for "shall" throughout).

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Schaff makes no showing that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

# NOTICE OF RIGHT TO OBJECT
# TO FINDINGS & RECOMMENDATION
# AND CONSEQUENCES OF FAILURE TO OBJECT

Schaff may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Schaff must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 24th day of April, 2014.

                                                              /s/   Carolyn S. Ostby
                                                            United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.